**THE CHAMBER OF COMMERCE OF THE U.S., et al. Plaintiffs,**

**v.**

**Bill LOCKYER, et al., Defendants.**

**No. SA CV 02–0377 GLT.**

United States District Court,
C.D. California,
Southern Division.

Sept. 16, 2002.

Stephen P. Pepe, Brent J. North, Renee M. Spigarelli, O'Melveny & Myers, Newport Beach, Bradley W. Kampas, Michael J. Lotito, Scott W. Oborne, Jackson Lewis, Mark E Reagan, Mark A. Johnson, Hooper Lundy Bookman, San Francisco, Stephen A. Bokat, Washington, DC, for the Chamber of Commerce of the United States, California Chamber of Commerce, Employers Group, California Healthcare Association, California Manufacturers and Technology Association, California Association of Health Facilities, California Association of Homes & Services for the Aging, Bettec Corporation, Marksherm Corporation, Zilaco Inc, Zilaco, Del Rio Healthcare Inc., Beverly Health & Rehabilitation Services, Inc. dba Beverly Manor Costa Mesa, Internext Group, plaintiffs.

Suzanne M. Ambrose, CAAG Office of Attorney General of California, Sacramento, for Bill Lockyer, in his capacity as Attorney General of the State of California, Department of Health Services, Frank G. Vanacore, as the Chief of the Audit Review and Analysis Section of the California Department of Health Services, Diana M. Bonta, Diana M. Bonta, R.N., Dr., P.H., as the Director of the California Department of Health Services, Does, 1 through 10, defendants.

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART

TAYLOR, District Judge.

Plaintiffs' Motion for Summary Judgment is GRANTED in part.

### I. *BACKGROUND*

Plaintiffs filed claims for declaratory and injunctive relief regarding Defendants' enforcement of the California Assembly Bill 1889 adding California Government Code § 16645 and following. AB 1889 prohibits the use of state funds or property to assist, promote, or deter union organizing; allows remedies for such violations; and requires state fund recipients to maintain sufficient records to show state funds were not improperly used under AB 1889. The Attorney General may request a copy of such records.

Plaintiffs bring a Motion for Summary Judgment arguing AB 1889 is unconstitutional under the federal and California Constitutions and preempted by the National Labor Relations Act (NLRA), Labor Management Reporting and Disclosure Act (LMRDA), and the Medicare Act. Defendants and Intervenors [1] contend Plaintiffs' claims are barred by the 11th Amendment, the abstention doctrine, and Article III standing requirements.[2]

### II. *DISCUSSION*

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### A. *Preliminary Issues*

Defendants and Intervenors argue the Court should not consider the merits of the case because Plaintiffs lack standing and Plaintiffs' claims are barred by the

---

1. The American Federation of Labor and Congress of Industrial Organizations (AFL–CIO) and California Labor Federal, AFL–CIO, are Intervenors defending AB 1889.

2. Defendants and Intervenors motions to strike certain evidence tendered by Plaintiffs is DENIED. Such evidence does not change the outcome of this Order.

Eleventh Amendment and the abstention doctrine.

### 1. 11th Amendment

■ Defendants argue the Eleventh Amendment prevents the Court from considering Plaintiffs' claim based on violations of the California Constitution. The Eleventh Amendment has been interpreted as a grant of sovereign immunity to the states against suit in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). State officials may be subject to suits for declaratory and injunctive relief where enforcement of state law would violated the U.S. Constitution or federal statutes, *Ex Parte Young*, 209 U.S. 123, 166, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997), but the Eleventh Amendment bars suits in federal court against state officials based on claimed violations of state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Central Reserve Life of North America Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir.1988). The Court will not take into account arguments based on violation of state law in considering the parties' motions for summary judgment.

### 2. Standing

■ Three components compose the constitutional minimum of Article III standing:

"First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of .... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*U.S. v. Hays*, 515 U.S. 737, 742–43, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (quoting *Lujan*, 504 U.S. at 560–561, 112 S.Ct. 2130). The party seeking the exercise of jurisdiction in his favor has the burden of demonstrating his standing. *Hays*, 515 U.S. at 743, 115 S.Ct. 2431. An organization that has not suffered any injury itself may sue in a representative capacity for injuries to its members if at least one member has standing to present the claim asserted by the association, the interests sought to be protected are germane to the association's purpose, and neither the claim asserted nor the relief requested requires the members' individual participation in the suit. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

■ Plaintiffs apparently would not have standing to challenge §§ 16645.1, 16645.3, and 16645.4, governing reimbursement, activities, and expenditures of state contractors. Plaintiffs claims standing to challenge these sections "based on the danger they are applicable" and may be interpreted to cover one or more of Plaintiffs, but do not present facts to support this contention. The injury posed by this potential interpretation is "conjectural or hypothetical," and is not sufficient to satisfy the injury-in-fact component of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Plaintiffs also apparently would lack standing to challenge Gov.Code § 16645.6, a provision of AB 1889 prohibiting public employers receiving state funds from using those funds to "assist, promote, or deter union organizing," because the only public employers in the case, members of Plaintiff California Healthcare Association (CHA) are political subdivisions of the state. As political subdivisions of the state, members of Plaintiff CHA do not

have standing to sue the state in federal court. *City of South Lake Tahoe v. California Tahoe Regional Planning Agency,* 625 F.2d 231, 233 (9th Cir.1980); *Palomar Pomerado Health System v. Belshe,* 180 F.3d 1104, 1108 (9th Cir.1999).[3]

 However, Plaintiffs do have standing to challenge the remaining provisions of AB 1889. When any plaintiff has standing, the standing requirement is satisfied for all other plaintiffs who are proper parties on the same complaint because "the presence of one party with standing assures that [the] controversy before [the court] is justiciable." *Department of Commerce v. United States House of Representatives,* 525 U.S. 316, 328, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999); *Village of Arlington Heights v. Metropolitan Housing Develop. Corp.,* 429 U.S. 252, 264, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). At least one Plaintiff, the United States Chamber of Commerce ("U.S.Chamber"), has standing to challenge the remaining provisions of AB 1889, which govern recipients of state funds grants, employers conducting business on state property, and private employers receiving state funds in excess of $10,000. Various U.S. Chamber members receive grants of state funds, conduct business on state property, receive state funds in excess of $10,000, currently use state funds in union-related activities, and do not keep records of the use of state funds. *See* Antonek Decl. ¶¶ 3–6; Hunte Decl. ¶¶ 2–4; Kampas Decl. Exh. B, C. The par-

ties do not dispute Defendant Attorney General Lockyer intends to enforce AB 1889, and has done so through accounting demands and litigation. Plaintiffs have demonstrated an injury in fact redressable by this Court, and have standing to proceed.

### 3. *Abstention*

Defendants and Intervenors contend this Court should abstain from hearing the claims of Plaintiff California Association of Healthcare Facilities (CAHF) pursuant to *Younger v. Harris.* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)(explaining a federal court should not enjoin or interfere with pending state proceedings). *Younger* provides a federal court should abstain from review and dismiss an action if the federal action would "directly interfere with ongoing state judicial proceedings" involving identical constitutional issues, and the state court can address the federal parties' claims. *See id.* If the *Younger* standard is met, the Court does not have discretion to retain jurisdiction. *See Green v. City of Tucson,* 255 F.3d 1086, 1092–93 (9th Cir.2001).

 Defendants and Intervenors argue the Court should dismiss CAHF because Summit Care California, Inc. and Brier Oak Convalescent Inc., defendants and cross-complainants in *Lockyer v. Summit Care California, Inc., et al.,* a pending state court action concerning AB 1889, are members of CAHF.[4] As stated in this

**3.** Plaintiffs incorrectly cite *Star–Kist Foods, Inc. v. County of Los Angeles,* 42 Cal.3d 1, 7–8, 227 Cal.Rptr. 391, 719 P.2d 987 (1986), as California Supreme Court authority rejecting *South Lake Tahoe.* In *Star–Kist,* the California Supreme Court exempted Supremacy Clause challenges from the *South Lake Tahoe* "no standing" rule because at that time, the Ninth Circuit had not yet applied the rule to a Supremacy Clause challenge. *Id.,* at 8, 227 Cal.Rptr. 391, 719 P.2d 987. The Ninth Circuit has since held no such exemption exists for Supremacy Clause challenges. *See Palo-*

*mar Pomerado Health System v. Belshe,* 180 F.3d 1104, 1108 (9th Cir.1999).

**4.** During the briefing period for the motion and cross-motions for summary judgment, the state action, formerly *Lockyer v. Fountain View,* was amended to substitute Summit Care and Brier Oak as defendants in place of Fountain View. Parties to the current state action have stipulated the new defendants will assert the same claims and cross-complaint as did the original defendant Fountain View. *See* Def. Request for Judicial Notice, Exh. 4, 5.

Court's July 2, 2002 Order, if membership in a Plaintiff association is established, such relief would directly interfere with the *Lockyer* action because any relief this Court would award in favor of Plaintiffs would operate to enjoin the pending state proceedings involving Fountain View. *See Cornwell v. Cal. Bd. of Barbering and Cosmetology,* 962 F.Supp. 1260, 1271 (S.D.Cal.1997). Defendants have not established such membership. There is evidence the state defendants own or operate three skilled nursing facilities that are members of CAHF, *see* Armentrout Decl. ¶¶ 6–7., but the Court's view is this is not enough. There is no evidence the state defendants themselves are members of CAHF.

Defendants and Intervenors also argue for the Court's abstention based on *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* abstention is appropriate only when (1) the complaint involves a sensitive area of social policy, (2) a federal constitutional issue could be mooted or narrowed by a definitive state court ruling on state law issues, and (3) proper resolution of the potentially determinative state law issue is uncertain. *Fireman's Fund Ins. Co. v. City of Lodi,* 271 F.3d 911, 928 (9th Cir.2001). Abstention is not proper when the issue is one of federal preemption because preemption is not considered a "constitutional issue." *United States v. Morros,* 268 F.3d 695, 704 (9th Cir.2001). Abstention is also inappropriate in First Amendment cases because the guarantee of free expression is an area of particular federal concern rather than simply a sensitive area of state social policy. *See Ripplinger v. Collins,* 868 F.2d 1043, 1048 (9th Cir.1989); *Yniguez v. Arizonans for Official English,* 69 F.3d 920, 930–931 (9th Cir.1995). Plaintiffs challenge AB 1889 on preemption and First Amendment grounds. It is proper for the

Court to retain jurisdiction over the Plaintiffs' claims.

**B.** *Preemption*

The Court finds AB 1889 is preempted by the National Labor Relations Act (NLRA).

Two types of preemption are recognized under the NLRA. *"Garmon* preemption" forbids state regulation of activities actually or "arguably" protected by § 7 of the NLRA or constitute an unfair labor practice under § 8. *Building & Trades Council v. Associated Builders ("Boston Harbor"),* 507 U.S. 218, 224–225, 113 S.Ct. 1190, 122 L.Ed.2d 565 (1993); *see also San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 243–244, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). *"Machinist* preemption" prohibits state and municipal regulation of activities not protected or regulated by the NLRA if Congress intended for these activities to remain unregulated. *Building & Trades Council,* 507 U.S. at 225–226, 113 S.Ct. 1190; *see also Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 138, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976).

The NLRA § 8(c) provides, "the expressing of any views, argument, or opinion, or the dissemination thereof . . . shall not constitute or be evidence of an unfair labor practice . . . if such expression contains no threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c). The Supreme Court has held "the enactment of § 8(c) manifests a congressional intent to encourage free debate on issues dividing labor and management." *Linn v. United Plant Guard Workers of America, Local 114,* 383 U.S. 53, 62, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966).

AB 1889 would prevent this free debate. AB 1889 defines "assist, promote or deter union organizing" to mean "any attempt by an employer to influence the

decision of its employees" relating to labor organizations. Gov.Code § 16645(a). The parties do not dispute this definition includes attempts by the employer to influence employee decisions through speech. The parties also do not dispute AB 1889 prohibits such speech while the employer is being compensated with state funds or while the employer is on state property. AB 1889 is preempted because it regulates employer speech about union organizing under specified circumstances, even though Congress intended free debate.

Defendants and Intervenors argue Machinists is inapplicable here because the state is merely controlling the use of state funds, and is acting in a proprietary capacity as a "market participant." *See Boston Harbor, supra,* at 229, 113 S.Ct. 1190 (holding Machinists preemption apply only when the state acts as a regulator rather than as a "market participant with no interest in setting policy").

In *Boston Harbor,* the Supreme Court held the NLRA did not preempt enforcement by the Massachusetts Water Resources Authority, acting as owner of a construction project, of an otherwise lawful prehire collective-bargaining agreement negotiated by private parties. *Id.* at 232, 113 S.Ct. 1190. Unlike the challenged enforcement action in *Boston Harbor,* AB 1889 is not "specifically tailored to one particular job." *Id.*

 AB 1889 is a regulatory statute similar to the Wisconsin statute debarring repeat offenders of the NLRA from doing business with the state, held to be preempted by the NLRA in *Wisconsin Dept. of Industry v. Gould,* 475 U.S. 282,

287, 106 S.Ct. 1057, 89 L.Ed.2d 223 (1986). The Court rejected Wisconsin's contention the statutory scheme escapes preemption because "it is an exercise of the State's spending power rather than its regulatory power," and focused instead on the "rigid and undiscriminating manner in which the statute operates." *Id.* In the Ninth Circuit, regulation for purposes of preemption law includes "traditional enactment of laws, ordinances, rules, and other legislative and administrative measures." *Alameda Newspapers, Inc. v. City of Oakland,* 95 F.3d 1406, 1413 (9 Cir.1996).[5] AB 1889 is a traditional legislative enactment, not a proprietary act.

It is true Congress has imposed similar restrictions as AB 1889 imposes. Intervenors cite three federal statutes restricting the use of particular federal program funds to "assist, promote, or deter union organizing."[6] *See* 29 U.S.C. § 2931(b)(7) ("Each recipient of funds under [the Workforce Investment Act] shall provide to the Secretary assurances that none of such funds will be used to assist, promote, or deter union organizing."); 42 U.S.C. § 9839(e) ("Funds appropriated to carry out [the Head Start Programs Act] shall not be used to assist, promote, or deter union organizing."); 42 U.S.C. § 12634(b)(1) ("Assistance provided under [the National Community Service Act] shall not be used by program participants and program staff to assist, promote, or deter · union organizing."). Such restrictions may show Congress approves of federal restrictions in those areas, but that is not inconsistent with the doctrine of preemption. If anything, it supports the view

---

5. The recent D.C. Circuit decision cited by Defendants, *Building & Construction Trades Dept., AFL–CIO v. Allbaugh,* 295 F.3d 28, 35 (D.C.Cir.2002) (upholding Executive Order affecting specific contracts in federally-funded construction contracts, reasoning the government is acting in a proprietary capacity when

it controls the use of its funds), is not controlling.

6. The fourth statute cited by Intervenors, 29 U.S.C. § 1553(c)(1), was repealed in 1998. Pub.L. 105–220, Title I, § 199(b)(2), Aug. 7, 1998, 112 Stat. 1059.

that Congress intended to regulate the field, and Congress, rather than the states, will impose the restrictions if they are to be imposed.[7]

## III. *DISPOSITION*

Except for Gov.Code §§ 16645.1, 16645.3, 16645.4, and § 16645.6, Plaintiffs' motion for summary judgment that the remaining provisions of AB 1889 are preempted by the NLRA is GRANTED.[8]

---

7. The express Congressional approval of state provisions in *De Veau v. Braisted*, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), is distinguishable from this case.

8. AB 1889 contains a severability clause providing If any section or portion of this chapter... is held invalid... that invalidity shall not [a]ffect any other section. Gov.Code § 16649. The Court does not decide whether AB 1889 is preempted by the Labor Management Reporting and Disclosure Act or the Medicare and Medicaid Act, whether AB 1889 violates the federal Constitution, or whether declaratory or injunctive relief would be appropriate.